NOT ORIGINAL
DOCUMENT
11/15/2024 10:53:45
AM

NO. _____                                          JEFFERSON CIRCUIT COURT
                                                     DIVISION _____
                                                          F7008-T

DAL RAE BEACH                                                    PLAINTIFF

VS.                      **VERIFIED COMPLAINT**


FEDERAL BUREAU OF INVESTIGATION (FBI)
     **SERVE: Acting Chief Division Counsel**
          **12401 Sycamore Station Place**
          **Louisville, Kentucky 40299**

and

QUINCY BARNETT, INDIVIDUALLY                                     DEFENDANTS
     **SERVE:  12401 Sycamore Station Place**
          **Louisville, Kentucky 40299**

* * * * * *

**PARTIES**

The Plaintiff, Dal Rae Beach, was formerly employed as a Supervisory Special Agent, with

the Defendant, the Federal Bureau of Investigation. Plaintiff is and was at all times, relevant herein,

a resident of the Commonwealth of Kentucky.

The Defendant, Quincy Barnett, is employed as an Assistant Special-Agent-in-Charge of

the FBI Louisville, Kentucky. Defendant Barnett is and was at all times, relevant herein, a resident

of the Commonwealth of Kentucky.

The Defendant, The Federal Bureau of Investigation, is a federal law enforcement agency

doing business in the Commonwealth of Kentucky. The Defendant, the Federal Bureau of

Investigation, is headquartered in Washington, D.C.

NOT ORIGINAL
DOCUMENT
11/15/2024 10:53:45
AM

## JURISDICTION AND VENUE

Comes the Plaintiff, Dal Rae Beach, by counsel, and for her verified complaint against the FBI and Quincy Barnett, states as follows:

1.    Jurisdiction and venue are proper in this court as all actions complained of occurred in Jefferson County, Kentucky.

2.    The amount in controversy exceeds the minimal jurisdictional amount for this Court.

3.    At all times relevant hereto, Plaintiff Dal Rae Beach is an "employee" of the FBI.

4.    At all times relevant hereto Defendant FBI was an employer.

5.    At all times relevant hereto Defendant Quincy Barnett, individually, acted in his employment with the FBI in Jefferson County, Kentucky.

## FACTS

6.    Plaintiff hereby reiterates and incorporates by reference, as if set forth fully herein, each and every allegation and/or statement contained in paragraphs 1-5.

7.    Plaintiff Beach was hired by the FBI on January 18, 2011.

8.    Plaintiff graduated from the FBI Academy in June 2011 and was thereafter sworn in as a Special Agent.

9.    Plaintiff's initial assignment with the FBI Memphis Field Office, Nashville Resident Agency.

10.    Following this assignment, she was transferred to the FBI Portland Field Office in April 2013.

11.    She was transferred to the FBI Washington Field Office in July 2016.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000002 of 000008

NOT ORIGINAL
DOCUMENT
11/15/2024 10:53:45
AM
F7008-1

12.     Plaintiff was promoted to the FBI Headquarters in March 2017, and assigned as a Supervisory Special Agent (SSA) in the Directorate of Intelligence.

13.     Throughout her career, the Plaintiff has received numerous awards and commendations, including the following:

-GS-14 Field Supervisory Special Agent, which bears distinction as this is the path for continued promotion in the FBI, in 2019.

-CIA Exceptional Performance Award in 2019.

-Promotion from GS-14 FBIHQ Supervisory Special Agent to GS-15 Senior Detailee to CIA in 2018.

-Promotion from GS-13 Special Agent to GS-14 FBIHQ Supervisory Special Agent.

-CIA Superior Achievement Award in 2016.

-Cash Awards for exceptional performance in 2020, 2018, 2016, and 2015.

-Time Off Award for going above and beyond in 2015, twice in 2014, 2013, and 2012.

14.     Plaintiff was nominated for an award by the CIA for her outstanding performance, Exceptional Performance Award, reserved for CIA employees.

15.     In May 2019, the Plaintiff was approached by FBI Deputy Director (the number 2 position of FBI leadership) Paul Abbate and told her he wanted her to "promote up in the FBI" as he learned she was offered a job at the CIA. Deputy Director Abbate, after a 45 minute sit down meeting with Beach, offered to assist Beach in getting promoted and said he would make calls on her behalf. Beach had accepted the offer, but ultimately secured the promotion without anyone's assistance. Beach deployed out to the "field" so she could promote up through the FBI.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000003 of 000008

NOT ORIGINAL
DOCUMENT
11/15/2024 10:53:45
AM
F7008:1

16. This conversation followed a conference of top executives and leadership from the FBI and CIA personnel which, at that time, was unprecedented, which Beach had helped organize in her senior liaison position with the CIA.

17. Plaintiff was asked if she wanted to stay on permanently with the CIA.

18. Plaintiff brought this offer from the CIA to the attention of FBI Deputy Director Abbate, he responded, "We can't lose you to CIA. How can I help promote you with the FBI."

19. Plaintiff relied on this representation, and she rejected the offer from the CIA.

20. Plaintiff thereafter sought assignment to the Louisville Field Office and received the assignment in January 2020.

21. Upon her arrival at the FBI Louisville Field Office, Plaintiff immediately noticed the lack of diversity in the management of the FBI Louisville Field Office.

22. Plaintiff was approached by the FBI Louisville Field Office Special Agent in Charge (SAC) James Robert Brown, and he asked Plaintiff for a recommendation for the vacant Assistant Special Agent in Charge (ASAC) position.

23. Plaintiff recommended for the ASAC position Quincy Barnett, an African American who was employed by the FBI in Oklahoma at the time.

24. Plaintiff actively participated in the recruiting of Barnett for this ASAC position.

25. Defendant Barnett was selected for the ASAC position effective January 2021.

26. Immediately upon his assignment to the FBI Louisville, Defendant Barnett embarked upon an unrelenting sexual harassment course of conduct against the Plaintiff.

27. This harassment included Defendant Barnett forcing unwanted hugs upon the Plaintiff, calling her "baby girl," telephoning her at home during off-duty hours, suggesting sexual

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000004 of 000008

NOT ORIGINAL
DOCUMENT
11/15/2024 10:53:45
AM

activity with other married men employed by the Defendant FBI, telling her verbally in his office

that she "was wound too tight and needed to get laid" in order to lower her work standards. E7008-1

28.     Some of this harassing conduct took place in the presence of other FBI employees.

29.     The Plaintiff duly made this conduct known to the Defendant FBI.

30.     The Defendant FBI conducted a "investigation" which exonerated the Defendant Barnett.

31.     This "investigation" was a sham in that the investigator did not discuss Defendant Barnett's actions which had been observed firsthand by other FBI employees.

32.     As a result of Plaintiff's complaint, the Defendant FBI and Defendant Barnett embarked upon a campaign of retaliation against the Plaintiff making allegations that she was "untruthful" and a domestic relations proceeding in which the Plaintiff alleged she had been subjected to physical abuse by an individual with whom she had a relationship.

33.     As a result of Defendant FBI's "investigation" into the allegations of abuse, to which the Plaintiff had been subjected, the Defendant FBI concluded that the Plaintiff had been "untruthful" in her responses to the Defendant FBI's "investigation."

34.     Plaintiff was terminated as a result of this determination on February 13, 2024.

### COUNT ONE

Violation of KRS 344.010, et seq. - Sexual harassment

35.      Plaintiff hereby reiterates and incorporates by reference, as if set forth fully herein, each and every allegation and/or statement contained in paragraphs 1-34.

36.     Based upon the actions described above the Plaintiff was subjected to a hostile work environment based upon her sex, which was so severe and so pervasive that unreasonably interfered with her ability to do her job.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

NOT ORIGINAL

11/15/2024 10:53:45

F7008-1

DOCUMENT

AM

37.    The Defendant FBI is sued as her employer.

## COUNT TWO

Violation of KRS 344.280, et seq. - Retaliation

38.    Plaintiff hereby reiterates and incorporates by reference, as if set forth fully herein, each and every allegation and/or statement contained in paragraphs 1-37.

39.    The actions described above constitute unlawful retaliation on the part of Defendant Barnett.

40.    The actions described above constitute unlawful retaliation on the part of Defendant FBI.

41.    Pursuant to KRS 344.280, Defendant Barnett is sued individually in accordance with the provision of KRS 344.280, which states "it shall be unlawful for a person…(1) to retaliate or discriminate any manner against a person because (she)…because (she) has made a charge, filed a complaint…or participated in any manner of any investigation, proceeding, or hearing under this chapter."

42.    Defendant Barnett is not sued individually for conspiring with Defendant FBI to retaliate against the Plaintiff.

## COUNT THREE

Violation of KRS 344.990 by the FBI

43.    Plaintiff hereby reiterates and incorporates by reference, as if set forth fully herein, each and every allegation and/or statement contained in paragraphs 1-42.

44.    The actions described above in relation to Defendant FBI established that Defendant FBI unlawfully retaliated against the Plaintiff for making a complaint of sexual harassment.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000006 of 000008

NOT ORIGINAL

DOCUMENT

AM

11/15/2024 10:53:45

F7008-1

45.    Pursuant to KRS 344.030 (2) the Defendant FBI "is an employer."

**WHEREFORE,** Plaintiff demands the following:

1. That she be awarded damages for lost wages.

2. That she be awarded damages for humiliation, embarrassment, and mental anguish.

3. For her costs herein incurred, reasonable attorney's fees.

4. For injunctive relief reinstating her to her former position with Defendant FBI

5. For a trial by jury for all issues by jury triable.

6. For such other relief that she may appear entitled.

Respectfully,

/s/ Thomas E. Clay
THOMAS E. CLAY, P.S.C.
917 Lily Creek Road Louisville, KY 40243
502-939-9080
tclay@tclaylaw.com
Counsel for Plaintiff

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000007 of 000008

**DOCUMENT**

**AM**

NOT ORIGINAL

11/15/2024 10:53:45

F7008-1

## **VERIFICATION**

I, Dal Rae Beach, state that I have read the foregoing complaint, and the statements contained therein are true to the best of my knowledge and belief.

_____
DAL RAE BEACH

State of Kentucky    )
                   )
County of Jefferson   )

Subscribed and sworn to before me by Dal Rae Beach on this ___9th___ day of October 2024, to be her free act and voluntary deed.

My commission expires: ___7-27-2026___ .

_____
NOTARY PUBLIC, KY STATE AT LARGE
KYNP 54943

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000008 of 000008