UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-00666-CRS-RSE

DAL RAE BEACH                                                                PLAINTIFF

v.

FEDERAL BUREAU OF INVESTIGATIONS                      DEFENDANTS
and
QUINCY BARNETT

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff, Dal Rae Beach, has sued for violations of the Kentucky Civil Rights Act. She alleges that defendant Quincy Barnett subjected her to sexual harassment in the workplace and when she complained, the FBI conducted "a sham investigation" and thereafter both Barnett and the FBI retaliated against her. Complaint, DN 1-1 at ¶¶ 26, 29-32. Ultimately, she was fired on February 13, 2024. *Id.* at ¶ 34. The FBI and Barnett contend that this case must be dismissed because Title VII provides the exclusive remedy for complaints about discrimination in the federal workplace. Thus, they cannot be sued under the Kentucky Civil Rights Act and this action must be dismissed. The Court agrees.

In *Brown v. Gen'l Serv. Admin.*, 425 U.S. 820, 835 (1976), the United States Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Accord Burrows v. Henderson*, 7 F. App'x 472, 474 (6th Cir. 2001) (affirming dismissal of claims under Michigan's civil rights statute because Title VII "established an administrative and judicial enforcement system intended to be both exclusive and preemptive of state law claims."); *Forest v. U.S. Postal Serv.*, 97 F.3d 137, 141 (6th Cir. 1996) (quoting *Boddy v. Dean,* 821 F.2d 346, 352 (6th Cir. 1987) ("In determining the extent to which it would waive

sovereign immunity, Congress chose to limit relief in suits against federal agencies charging unlawful discrimination in employment practices by permitting only those remedies provided for within the comprehensive scheme of Title VII.")). Plaintiff's claims are for federal workplace discrimination. Thus, her exclusive remedy lies in Title VII. Since Plaintiff brought suit pursuant to the Kentucky Civil Rights Act rather than Title VII, this Court lacks subject matter jurisdiction. Accordingly, Defendants' Motion to Dismiss **(DN 13)** is **GRANTED** for lack of subject matter jurisdiction.[1]

      The Clerk of Court is directed to strike this action from the Court's active docket. This is a final and appealable Order there being no just cause for delay.

      **IT IS SO ORDERED**.

January 20, 2026

Charles R. Simpson III, Senior Judge
United States District Court

---

[1] The Court declines to address Defendants' remaining arguments for dismissal.

2